UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**03 CV 1 2 3 2 3 RGS**

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>WALTON SYSTEMS INTERNATIONAL, INC., Defendant | MAGISTRATE JUDGE _____<br><br>MAGISTRATE JUDGE _____<br><br>C.A. No.<br><br>AMOUNT $ _____ 51883<br>SUMMONS ISSUED _____<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____<br>MCF ISSUED _____<br>BY DPTY CLK _____ |

## COMPLAINT

### NATURE OF ACTION

1.   This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by employee benefit plans and a labor union to enforce the obligations to make contributions and pay interest due to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Health and Welfare Fund. The International Union of Operating Engineers Local 4 Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

4. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Pension Fund. The International Union of Operating Engineers Local 4 Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

5. Plaintiffs William Ryan and John J. Shaughnessy are Trustees of the International Union of Operating Engineers Local 4 Annuity Fund. The International Union of Operating Engineers Local 4 Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 177 Bedford Street, Lexington, Massachusetts, within this judicial district.

6. Plaintiffs Louis G. Rasetta and Christopher Barletta are Trustees of the Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund. The Hoisting and Portable Engineers Local 4 Apprenticeship and Training Fund is an "employee welfare benefit plan"

within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at One Engineers Way, Canton, Massachusetts, within this judicial district.

7. The Health and Welfare, Pension, Annuity, Apprenticeship and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

8. Defendant Walton Systems International, Inc. (hereinafter "Walton" or "the Employer") is a Massachusetts corporation with a principal place of business at 201 Marginal Street, Chelsea, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

## GENERAL ALLEGATIONS OF FACT

9. On or about May 24, 1995, defendant Walton agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of Walton's signed agreement ("short form agreement") is attached hereto as Exhibit A.

10. Because of the short form agreement, Walton has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4, including the agreement which is effective from June, 2003 through May, 2005 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

11. The Agreement obligates Walton to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages.

12. Pursuant to the Agreement, Walton is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues.

### COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

13. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-12 supra.

14. Walton performed work under the terms of its collective bargaining agreement between April and September, 2003 and submitted Remittance Reports setting forth the amount of contributions owed.

15. After reviewing the Remittance Reports, the Funds determined that Walton failed to pay all contributions owed for this period and now owes the Funds $37,371.32 in unpaid contributions for the period April through September, 2003, together with an as yet unliquidated liability for the period October, 2003 to the present. Walton also owes interest on these delinquent contributions.

16. To date, Walton has failed to pay the Funds both the $37,371.32 in contributions due for the period April through September, 2003 and may be liable for additional obligations incurred thereafter.

17. The failure of Walton to make contributions on behalf of all covered employees as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145.

18. Absent an order from this Court, the defendant will continue to refuse to pay the monies it owes to the Funds, as determined at the audit and refuse to submit Remittance Reports

4

and pay contributions now due and owing, and the Funds and their participants will be irreparably damaged.

19. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA - DELINQUENT CONTRIBUTIONS, DUES AND INTEREST

20. Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 1-19 supra.

21. The failure of Walton to make contributions on behalf of all covered employees, to remit the dues it deducted from its employees' paychecks and to pay interest as required by the terms of the collective bargaining agreement violates §301 of the Labor Management Relations Act, 29 U.S.C. §185.

## RELIEF REQUESTED

WHEREFORE, Plaintiff Funds requests this Court to grant the following relief:

a. Order the attachment of the machinery, inventory and accounts receivable of defendant Walton;

b. Enter a preliminary and permanent injunction enjoining Walton from refusing or failing to make contributions and pay interest to Plaintiff Funds;

c. Enter judgment in favor of the Plaintiff Funds in the amount of $37,371.32 plus any additional amounts determined by the Court to be owed by Walton or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

d. Such further and other relief as this Court deem appropriate.

Respectfully submitted,

WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

*Anne R. Sills*

Anne R. Sills, Esquire
BBO #546576
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA 02108
(617) 742-0208

Dated: November 19, 2003

ARS/ars&ts
3118 03-116/complt.doc

6