UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>WALTON SYSTEMS INTERNATIONAL, INC., Defendant | C.A. No. 03-12323 RGS |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

I.  **INTRODUCTION**

Plaintiffs filed this action pursuant to Sections 505 and 515 of the Employee Retirement Income and Security Act, of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (a)(3) and (d)(1) and 1145, for the collection of unpaid benefit fund contributions, interest, liquidated damages, attorneys' fees and costs.  Defendant is a company obligated to make contributions to the Funds pursuant to its collective bargaining agreement with the International Union of Operating Engineers Local 4.

Defendant has failed to pay all contributions due.  Plaintiffs now seek judgment for the unpaid contributions, interest, liquidated damages, attorneys' fees and costs.

II.  **STATEMENT OF FACTS**

1. On or about May 24, 1995, defendant Walton Systems International, Inc. ("Walton") agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring contributions to Plaintiff Funds; and to any successor agreements. See Affidavit of James Bucci in Support of Motion for Summary Judgment ("Bucci Aff."), par. 2. A copy of Walton's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A.

2. Because of the short form agreement, Walton has been a party to successive collective bargaining agreements with the International Union of Operating Engineers Local 4, including the agreement which is effective from June, 2003 through May, 2005 ("the Agreement"). Bucci Aff., par. 3. A copy of the relevant portions of this Agreement is attached to the Complaint as Exhibit B.

3. The Agreement obligates Walton to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages. Bucci Aff., par. 4.

4. Pursuant to the Agreement, Walton is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues. Bucci Aff., par. 5.

5. Walton performed work under the terms of its collective bargaining agreement between April and September, 2003 and submitted Remittance Reports setting forth the amount of contributions owed. Bucci Aff., par. 6.

6. After reviewing the Remittance Reports, the Funds determined that Walton failed to pay all contributions owed for this period and therefore owed the Funds $37,371.32 in unpaid contributions for the period April through September, 2003. Bucci Aff., par. 7.

7. Thus, in their Complaint, the Funds alleged that Walton failed to pay the Funds $37,371.32 in contributions due for the period April through September, 2003. Id.; see Complaint, par. 16.

8. Since the time the Complaint was filed, Walton has paid down the initial $37,371.32 delinquency owed for the period April through September, 2003. Bucci Aff., par. 8.

9. However, Walton has continued to employ the Funds' members on its projects to date and has accrued an ongoing delinquency since the time the Complaint was filed. Id.

10. Although Walton has made payments on an ongoing basis, its payments are continually between three and five months delinquent. Bucci Aff., par. 9.

11. Walton's June, 2004 contribution payment, due July 10, 2004, was received on November 22, 2004, at which point the company was four months delinquent. Bucci Aff., par. 10.

12. Walton's July, 2004 contribution payment, due August 10, 2004, was received on December 9, 2004, at which point the company was one day from again being four months delinquent. Bucci Aff., par. 11.

13. Walton's August, 2004 contribution payment, due September 10, 2004, was received on January 3, 2005, at which point the company was three months delinquent. Bucci Aff., par. 12.

14. Walton's September, 2004 contribution payment, due October 10, 2004, was received on January 17, 2005, and the company continued to be three months delinquent. Bucci Aff., par. 13.

15. However, Walton's October, 2004 contribution payment, due November 10, 2004, was not received until March 14, 2005, at which time the company again became four months delinquent in its payments. Bucci Aff., par. 14.

16. To date, Walton owes payments for the months of November, 2004 through March, 2005. The company is currently five months delinquent in its payments. Bucci Aff., par. 15.

17. In an effort to settle this matter without resorting to further litigation, the parties requested and this honorable Court granted stays of this matter on three separate occasions, beginning with a 90-day stay on September 1, 2004, followed by a second 30-day stay, and finally, a 60-day stay which terminated with the parties' February 28, 2005 Status Report. Walton was not able to become current in its payments during that time, and in fact, its delinquency grew.

18. The Plaintiffs' Complaint sought relief for "any additional amounts determined by the Court to be owed by Walton or which may become due during the pendency of this action . . ." See Complaint.

### III.  ARGUMENT

#### A.  Summary Judgment Standard.

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Plumley v. S. Container, Inc., 303 F.3d 364, 368 (1st Cir. 2002). "In this

4

context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party . . ." Morris v. Government Development Bank of Puerto Rico, 27 F.3d 746, 748 (1st Cir. 1994) (further citation omitted). "'Material' means that the fact is one that might affect the outcome of the suit under the governing law." Id., quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In this case, the material facts, as set forth in the Statement of Undisputed Facts, are not in dispute. Walton is obligated as a matter of law to pay the delinquent fringe benefit contributions that it owes through the present, together with interest, liquidated damages, attorneys' fees and costs.

**B.    Defendant Walton is liable to the Funds for the unpaid contributions, interest, liquidated damages and attorneys' fees.**

Section 1145 of ERISA provides that, "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." In this case, Walton was bound by the terms of its collective bargaining agreement with the International Union of Operating Engineers Local 4 to contribute to plaintiff Funds for each hour worked by covered employees. Walton performed work under the terms of the Agreement and failed to contribute on behalf of all of its employees. In its Answer to the Plaintiffs' Complaint, filed July 26, 2004, Walton admitted that it is signatory to the Agreement and that it owes contributions for each payroll hour for each person covered by the Agreement. See Answer, pars. 10, 11. According to a review of remittance reports submitted to the Funds by the Defendant, Walton has currently incurred a liability to the Funds of $24,058.93 in unpaid contributions and dues for the period November, 2004 through March, 2005. Bucci Aff., par. 16.

5

Section 1132 (g)(2) of ERISA provides that in any action in which judgment in favor of a plan is awarded, the Court <u>shall</u> award the plan "(A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and (E) such other legal or equitable relief as the court deems appropriate. For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of the Internal Revenue Code of 1986 [26 USCS §6621]."

Under the terms of Section 1132 (g) of ERISA and the parties' Agreement, which provides for the payment of interest at the rate of 1% per month, Walton would owe the Funds $881.37 in interest on the unpaid contributions if they had been paid by the end of April, 2005. Bucci Aff., par. 17. Further, Walton continues to owe $8,858.56 in interest on contributions for months through October, 2004 that were paid late. Bucci Aff., par. 18. Under Section 1132 (g), liquidated damages are to be awarded as provided under the plan or in an amount equal to the interest on unpaid contributions, whichever is greater. In the instant case, because the Agreement does not provide for liquidated damages, Walton owes as liquidated damages an additional amount equal to the interest on the unpaid contributions. This would mean that Walton owes an additional $881.37 as liquidated damages. Bucci Aff., par. 19.

Section 1132 (g)(2)(D) of ERISA provides a mandatory assessment of attorneys' fees "when an action is filed to enforce the employers' obligation to make payments in accordance with the terms of the plan." <u>Carpenters Amended and Restated Health Benefit Fund v. Ryan</u>

6

Construction, 767 F.2d 1170, 1172 (5th Cir. 1985). This action was filed for such a purpose and the court should therefore award Plaintiffs their attorneys' fees and costs in the amount of $5,226.82. See Affidavit of Anne R. Sills.

The Funds are entitled to enforce the terms of the collective bargaining agreements between Walton and Local 4, as third party beneficiaries to such agreements, as well as the Declarations of Trust, to which Walton is bound through those collective bargaining agreements, under Section 301(a) of the LMRA, 29 U.S.C. §185(a), and Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. §1132(a)(3), and § 1145. Schneider Moving and Storage Co. v. Robbins, 466 U.S. 364 (1984) (permitting multiemployer trust funds' judicial enforcement of contribution provisions in trust agreements against participating employers under Section 301(a) of the LMRA and Section 502 of ERISA); Central States, Southeast and Southwest Areas Pension Fund v. Central Transport, Inc., 472 U.S. 559, 575 (1985) (noting that in Schneider it had rejected "[t]he notion that federal policy favors union enforcement of an employer's collectively bargained obligations to an employee benefit plan, to the exclusion of enforcement of the plan's trustees").

Based on the above, the Funds are entitled to recover from Walton the unpaid fringe benefit contributions and dues in the amount of $24,058.93, interest on late-paid contributions in the amount of $8,858.56, interest on unpaid contributions in the amount of $881.37, liquidated damages of $881.37, and attorneys' fees and costs of **$**5,226.82, for a total liability of $39,907.05.

7

IV.     **CONCLUSION**

As there is no dispute that Walton owes these contributions, Summary Judgment in favor of Plaintiff Funds should enter as a matter of law.

          Respectfully submitted,

          WILLIAM RYAN and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

          By their attorneys,

          /s/ Gregory A. Geiman
          Anne R. Sills, Esquire
          BBO #546576
          Gregory A. Geiman, Esquire
          BBO #655207
          Segal, Roitman & Coleman
          11 Beacon Street, Suite #500
          Boston, MA  02108
          (617) 742-0208

Dated:  May 13, 2005

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above Memorandum in Support of Plaintiffs' Motion for Summary Judgment has been served by first class mail upon the defendant's attorney Edmund M. Hurley at Hurley & Howard, P.C., 15 Court Square, Suite #320, Boston, MA  02108 this 13th day of May, 2005.

          /s/ Gregory A. Geiman
          Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 03-116/memsupsj.doc