UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM RYAN and JOHN J. SHAUGHNESSY,
as they are TRUSTEES, INTERNATIONAL UNION
OF OPERATING ENGINEERS LOCAL 4 HEALTH
AND WELFARE, PENSION AND ANNUITY FUNDS,
and LOUIS G. RASETTA and CHRISTOPHER
BARLETTA, as they are TRUSTEES, HOISTING AND
PORTABLE ENGINEERS LOCAL 4 APPRENTICE
AND TRAINING FUNDS and INTERNATIONAL
UNION OF OPERATING ENGINEERS, LOCAL 4,
Plaintiffs

vs.

WALTON SYSTEMS INTERNATIONAL, INC.,
Defendant

C.A. No. 03-12323 RGS

## AFFIDAVIT OF JAMES BUCCI

1. My name is James Bucci. I am the Field Agent for the International Union of Operating Engineers Employee Benefit Funds ("Funds"). In my capacity as Field Agent, I audit the books and records of, and collect fringe benefit contributions owed by, contractors that are signatory to collective bargaining agreements with the International Union of Operating Engineers Local 4 ("Union").

2. On or about May 24, 1995, Walton Systems International, Inc. ("Walton") agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of a collective bargaining agreement requiring

contributions to Plaintiff Funds; and to any successor agreements. A copy of Walton's signed agreement ("short form agreement") is attached to the Complaint as Exhibit A.

3. Because of the short form agreement, Walton has been a party to successive collective bargaining agreements with the Union, including the agreement which is effective from June, 2003 through May, 2005 ("the Agreement"). A copy of the relevant portions of this Agreement is attached to the Complaint as Exhibit B.

4. The Agreement obligates Walton to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages.

5. Pursuant to the Agreement, Walton is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for Union dues.

6. Walton performed work under the terms of the Agreement between April and September, 2003 and submitted Remittance Reports setting forth the amount of contributions owed.

7. After reviewing the Remittance Reports, the Funds determined that Walton failed to pay all contributions owed for this period and therefore owed the Funds $37,371.32 in unpaid contributions for the period April through September, 2003. Thus, the Funds' Complaint alleged that Walton failed to pay the Funds $37,371.32 in contributions due for the period April through September, 2003.

8. Since the time the Complaint was filed, Walton has paid down the initial $37,371.32 delinquency owed for the period April through September, 2003. However, Walton has continued to employ the Funds' members on its projects to date and has accrued an ongoing delinquency since the time the Complaint was filed.

9. Although Walton has made payments on an ongoing basis, its payments are continually at least a few months delinquent.

10. For example, Walton's June 2004 contribution payment, due July 10, 2004, was received on November 22, 2004, at which point the company was four months delinquent.

11. Walton's July 2004 contribution payment, due August 10, 2004, was received on December 9, 2004, at which point the company was one day from again being four months delinquent.

12. Walton's August 2004 contribution payment, due September 10, 2004, was received on January 3, 2005, at which point the company was three months delinquent.

13. Walton's September 2004 contribution payment, due October 10, 2004, was received on January 17, 2005, and the company continued to be three months delinquent.

14. However, Walton's October 2004 contribution payment, due November 10, 2004, was not received until March 14, 2005, at which time the company again became four months delinquent in its payments.

15. To date, Walton owes payments for the months of November 2004 through March 2005. The company is currently five months delinquent in its payments.

16. According to a review of remittance reports submitted by the company, Walton has currently incurred a liability to the Funds of $23,229.04 in unpaid contributions and $829.89 in unpaid dues for the period November, 2004 through March, 2005. Thus, a total of $24,058.93 in contributions and dues is owed.

17. Walton would owe the Funds $881.37 in interest on the unpaid contributions if the contributions had been paid in full by April 30, 2005.

18. Further, Walton continues to owe $8,858.56 in interest on contributions for months through October, 2004 that were paid late.

19. Walton owes an additional $881.37 as liquidated damages.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___ DAY OF MAY, 2005.

_____
James Bucci

## CERTIFICATE OF SERVICE

This is to certify that a copy of the above Affidavit has been served by first class mail upon the defendant's attorney Edmund M. Hurley at 15 Court Square, Suite #320, Boston, MA 02108 this 11th day of May, 2005.

12

_____
Gregory A. Geiman, Esquire

ARS/gagktu
3118 03-116/affbucci.doc